# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>62 North Road, Bridgton, ME 04009 |
| **Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan** | Mortgage:<br>January 4, 2013<br>Book 30294, Page 189 |
| **Defendant** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a mortgage that secures the property situated at 62 North Road, City/Town of Bridgton, County of Cumberland, and State of Maine, which has an assessed value of one hundred forty-one thousand, two hundred and eighty-eight ($141,288.00)

dollars; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, is a resident of Melvin Village, County of Carroll and State of New Hampshire.

## FACTS

6. On August 25, 2000, by virtue of a Warranty Deed from David W. Menyo and Linda M. Menyo, which is recorded in the Cumberland County Registry of Deeds in **Book 5686, Page 113**, the property situated at 62 North Road, City/Town of Bridgton, County of Cumberland, and State of Maine, was conveyed to Dan J. Managan, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On January 4, 2013, Defendant, Dan J. Managan, executed and delivered to JPMorgan Chase Bank, N.A. a certain Note under seal in the amount of $52,646.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on January 4, 2013, Defendant, Dan J. Managan executed a Mortgage Deed in favor of JPMorgan Chase Bank, National Association, securing the property located at 62 North Road, Bridgton, ME 04009 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 30294**, **Page 189**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 31, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32183**, **Page 280**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. Upon information and belief, on May 28, 2016, Dan J. Managan passed away.

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 11, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33528**, **Page 222**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On or about, August 8, 2017, an Application for Informal Probate of Will and/or Appointment of Personal Representative was filed at the Cumberland County Probate Court, Docket No. 2017-1082.

13. On or about August 9, 2017, the court found that the appointment of a Personal Representative was necessary and appointed Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan.

14. The Mortgage was then assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper by virtue of an Assignment of Mortgage dated May 15, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35646**, **Page 75**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated September 12, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35975**, **Page 325**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On October 23, 2020, the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, was sent a Notice of Mortgagor's Right to Cure, as evidenced by

the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

18. The Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. The total debt owed under the Note and Mortgage as of December 17, 2020 is Fifty-Six Thousand Three Hundred Eight and 32/100 ($56,308.32) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $44,566.61 |
| Interest | $3,010.11 |
| Late Fees | $52.56 |
| Escrow Advance | $4,329.04 |
| Lender Paid Expenses | $4,308.00 |
| County Recording Fee | $22.00 |
| Third Party Reconveyance Preparation Fee | $20.00 |

| | |
|---|---|
| Grand Total | $56,308.32 |

23. Upon information and belief, the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 62 North Road, Bridgton, County of Cumberland, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2019, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of December 17, 2020 is Fifty-Six Thousand Three Hundred Eight and 32/100 ($56,308.32) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $44,566.61 |
| Interest | $3,010.11 |
| Late Fees | $52.56 |
| Escrow Advance | $4,329.04 |
| Lender Paid Expenses | $4,308.00 |
| County Recording Fee | $22.00 |
| Third Party Reconveyance Preperation Fee | $20.00 |
| Grand Total | $56,308.32 |

30. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, on October 23, 2020, evidenced by the Certificate of Mailing. *See* Exhibit H.

33. The Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, is not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is in breach of the Note by failing to make payment due as of July 1, 2019, and all subsequent payments;

d) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A §6322;

e) Find that while the Defendant, Kathaleen M. Ferland, Personal Representative of the Estate of Dan J. Managan, has not personal liability in this matter a Judgment of Foreclosure and Sale in this matter can be imposed in rem against the property commonly known as and numbered as 785 Court Street, Auburn, ME 04210; and

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: December 21, 2020

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com