UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,  Plaintiff,  v.  KATHALEEN M. FERLAND, Personal Representative of the Estate of Dan J. Managan,  Defendant. | ) ) ) ) ) ) ) 2:20-cv-00471-JDL ) ) ) ) ) ) ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

The Federal National Mortgage Association ("Fannie Mae") brought this foreclosure action in December 2020 against Kathaleen M. Ferland, personal representative of the estate of Dan J. Managan (ECF No. 1). Ferland seeks the dismissal of the complaint for lack of jurisdiction (ECF No. 10). For the following reasons, I grant Ferland's motion.

## I. BACKGROUND

The following facts, which I accept as true for purposes of the motion to dismiss, are drawn from Fannie Mae's Complaint.

In January 2013, Managan executed and delivered to JPMorgan Chase Bank a promissory note in the principal amount of $52,646. To secure the note, Managan executed a mortgage deed on real property located in Bridgton (the "Property") in favor of JPMorgan Chase Bank. Managan passed away in 2016 and, in 2017, Ferland was appointed personal representative of his estate.

Through a series of assignments and transfers, Fannie Mae acquired the mortgage in September 2019, and is currently in possession of the note. Ferland allegedly failed to make the payment due in July 2019 or any subsequent payment, and the loan is in default. As of December 17, 2020, the total amount due on the note and mortgage is $56,308.32.[1] The Property is allegedly worth $141,288.[2]

Fannie Mae filed its one-count Complaint against Ferland on December 21, 2020, seeking a judgment of foreclosure and sale under 14 M.R.S.A. § 6322 (West 2021) (ECF No. 1). There are no other interested parties. On February 15, 2021, Ferland moved to dismiss for lack of jurisdiction, arguing that the amount in controversy does not exceed $75,000 (ECF No. 10). I heard oral argument on Ferland's motion on June 17, 2021.

## II. LEGAL STANDARD

To survive a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff "must make clear the grounds on which the court may exercise jurisdiction." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007). If the plaintiff "fails to demonstrate a basis for jurisdiction," the motion to dismiss for lack of subject-matter jurisdiction must be granted. *Id.*

---

[1] Specifically, the Complaint breaks down the $56,308.32 sum as follows:

| | |
|---|---|
| Principal Balance | $44,566.61 |
| Interest | $3,010.11 |
| Late Fees | $52.56 |
| Escrow Advance | $4,329.04 |
| Lender Paid Expenses | $4,308.00 |
| County Recording Fee | $22.00 |
| Third Party Reconveyance Preparation Fee | $20.00 |

[2] Ferland disputes this valuation, but because I conclude that the value of the property is irrelevant to the amount-in-controversy question, I do not address her contention.

"Unless challenged by the opposing party or the court, a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum [amount in controversy] is sufficient to support jurisdiction." *Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991). "Once challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Id.* "A party may meet this burden by amending the pleadings or by submitting affidavits." *Id.*

Under 28 U.S.C.A. § 1332(a) (West 2021), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are diverse. Typically, "a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction." *Dep't of Recreation*, 942 F.2d at 88. But "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, the suit will be dismissed." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (alteration omitted) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (footnote omitted)).

### III. DISCUSSION

The parties' arguments raise two issues, which I will address in turn: (1) whether the value of the Property is relevant to the jurisdictional determination in

this case, and (2) if not, whether it is certain that Fannie Mae is not entitled to recover an amount in excess of $75,000.

1.  **Value of the Property**

Fannie Mae contends that the asserted value of the Property—$141,288—is sufficient to establish that the amount in dispute exceeds $75,000. Ferland counters that the value of the Property, standing alone, cannot support jurisdiction. The resolution of this disagreement rests with the statute under which Fannie Mae seeks a judgment of foreclosure and sale: 14 M.R.S.A. § 6322.[3]

Under section 6322, if Fannie Mae prevails in this action and obtains such a judgment, it will not obtain title to the Property; instead, it must conduct a public sale of the Property.[4] *See also* 14 M.R.S.A. § 6323 (West 2021) (setting forth procedures for public sale). The proceeds of the sale would be distributed first to Fannie Mae, but only up to the amount recoverable under section 6322; any surplus must be returned to Ferland. *See id.* § 6324 (West 2021) ("Any surplus must be paid to the mortgagor . . . ."). Thus, it is a legal certainty that Fannie Mae cannot recover more than the amount it is permitted to recover under the foreclosure statute,

---

[3] Section 6322 provides, in relevant part:

> After hearing, the court shall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear . . . .
>
> If the court determines that such a breach exists, a judgment of foreclosure and sale must issue providing that if the mortgagor or the mortgagor's successors, heirs and assigns do not pay the sum that the court adjudges to be due and payable, with interest within the period of redemption, the mortgage shall proceed with a sale as provided.

[4] Alternatively, Ferland might exercise her right of redemption, in which case Fannie Mae would also receive the amount due in the foreclosure judgment, rather than the value of the property. *See* 14 M.R.S.A. § 6322.

regardless of the Property's market value. This conclusion comports with the relatively sparse case law addressing the amount in controversy in foreclosure actions. *See, e.g.*, *TracFone Wireless, Inc. v. LaMarsh*, 98 F. Supp. 3d 828, 829 (W.D. Pa. 2015) ("Because this is a foreclosure action, the amount in controversy is determined by the debt claimed."); *Sapphire Beach Resort & Marina Condo. Ass'n Revocable Tr. v. Martin*, Civil No. 2007-13, 2008 WL 2074111, at *2-3 (D.V.I. May 13, 2008).

Fannie Mae argues that, even if the maximum it could retain after conducting the foreclosure sale is the amount due on the note, it might nevertheless purchase the Property itself at the sale, in which case it would own the Property outright. But as Ferland observes, even if Fannie Mae is the winning bidder of the Property at the foreclosure auction, its net recovery could not exceed the amount recoverable under the statute, because if Fannie Mae's winning bid exceeds the amount recoverable under section 6322, Fannie Mae would still be required to pay any surplus to Ferland.

In summary, the amount in controversy in this case cannot exceed the amount that Fannie Mae can recover under Maine's foreclosure statute, which is "the amount due [on the note], including reasonable attorney's fees and court costs." 14 M.R.S.A. § 6322.

**2.   Amount Recoverable Under 14 M.R.S.A. § 6322**

Again, as the party asserting diversity jurisdiction, it is Fannie Mae's burden to establish that the amount-in-controversy requirement has been met. *See Stewart*, 356 F.3d at 338. And now that Ferland has questioned that amount, Fannie Mae has the additional "burden of alleging with sufficient particularity facts indicating that it

5

is not a legal certainty that the claim involves less than the jurisdictional amount." *Id.* (quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001)). For the reasons that follow, I conclude that it has not met this burden.

First, the allegations in Fannie Mae's Complaint are plainly insufficient. The Complaint asserts jurisdiction based on the value of the Property, but, as I have already explained, it is legally certain that Fannie Mae's recovery will not be based on that amount, but will instead be capped by the foreclosure statute. The only other allegation in the Complaint that may be relevant to the amount-in-controversy inquiry is Fannie Mae's assertion that as of December 2020, Ferland owed $56,308.32 on the note—less than $75,000. Fannie Mae argues, however, that the amount it is entitled to recover under section 6322 will increase during litigation due to the accumulation of additional interest, taxes, property preservation expenses, and attorney's fees.

Although "interest and costs" are expressly excluded from the jurisdictional amount calculation under § 1332(a), *see Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473-74 (1st Cir. 1979), the other expenses that Fannie Mae cites—such as attorney's fees—may be included in the amount in controversy, at least "where a statute provides for the[ir] recovery," *Sabina v. JP Morgan Chase Bank NA*, No. 2:14-cv-160-JDL, 2014 WL 5489447, at *2 (D. Me. Oct. 29, 2014), as 14 M.R.S.A. § 6322 does. Here, however, Fannie Mae has failed to submit any evidence to support its assertion that its present and future attorney's fees[5] or other recoverable expenses might vault

---

[5] It is unclear from Fannie Mae's Complaint—or any of the exhibits attached to it, such as the notice required to be sent under 14 M.R.S.A. § 6111 (West 2021)—whether the $56,308.32 currently due

its total recovery over the $75,000 threshold.  Instead, it relies solely on its counsel's arguments, which are not supported by affidavits or exhibits.  In the face of Ferland's challenge to jurisdiction, this is not enough, as I will explain.

In *Allstate Insurance Co. v. Chretien*, Judge D. Brock Hornby addressed the question of what type of evidence might be sufficient to carry the burden of proof of the requisite amount in controversy.  No. 1:12-CV-38-DBH, 2012 WL 6645697 (D. Me. Dec. 20, 2012).  His decision noted that, although the First Circuit has not directly addressed what type of evidence might be sufficient to meet this burden, it has stated "that the burden of competent proof may be met by 'amending the pleadings or by submitting affidavits.'"  *Id.* at *2 (quoting *Dep't of Recreation*, 942 F.2d at 88).  The decision also surveyed the practices of other courts, which generally "state[] that the party seeking to invoke federal jurisdiction can rely on 'summary judgment-type evidence' to support the jurisdictional amount."  *Id.* (quoting *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)).  For these reasons, the decision concluded that the First Circuit would adopt the same approach—i.e., that depositions, interrogatory answers, affidavits, and the like would be competent evidence for the jurisdictional inquiry, but that "unsworn" information and "[l]awyers' statements" would "not suffice."  *Id.*

---

includes recoverable attorney's fees that Fannie Mae incurred before filing the Complaint.  However, I note that one line item listed in that sum, "Lender Paid Expenses," typically includes legal fees.  *See, e.g.*, *Zirk v. Nationstar Mortg.*, 16-cv-448-jdp, 2017 WL 3402970, at *2 (W.D. Wis. Aug. 8, 2017) ("The [mortgage] statements also cite legal fees and property inspection fees, marked 'lender-paid expenses.'"); *Lucero v. Cenlar FSB*, No. C13-0602RSL, 2016 WL 337221, at *7 (W.D. Wash. Jan. 28, 2016) (noting that "$26,724 in attorney's fees and costs . . . were transferred to the new servicer . . . as lender-paid expenses").

7

Although *Allstate* addressed this question with respect to damages estimates, rather than attorney's fees, the First Circuit has indicated that attorney's fees are subject to the same "sufficient particularity" standard as other components of the asserted amount in controversy. *See Dep't of Recreation*, 942 F.2d at 90 ("Because the [plaintiff] failed to include any estimate of attorney's fees on the record, there is no basis for the court to conclude that they could amount to more than [the amount required]."); *see also Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012) ("[The plaintiff's] claim for legal fees is part of our amount in controversy analysis. That being said, he gave us nothing to go on other [than] to say that he spent 'thousands of dollars.' This does not qualify as sufficient particularity."). Indeed, other courts routinely require estimates of attorney's fees to be set forth in affidavits or other summary judgment-type evidence when attorney's fees are being asserted to support federal jurisdiction. *See, e.g.*, *Singh v. Glenmark Phargenerics, Inc.*, No. 2:14-cv-154-GMN-CWH, 2014 WL 4231364, at *2 (D. Nev. Aug. 26, 2014); *Burk v. Med. Savs. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004); *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

In this case, Fannie Mae has not submitted any evidence in support of its jurisdictional assertions that would be "competent for summary judgment." *Allstate*, 2012 WL 6645697, at *2. This is not just evidentiary formalism: Even Fannie Mae's written legal brief does not attempt to quantify the additional recoverable expenses it might incur, such as the typical monthly maintenance expenses on the Property or Fannie Mae's attorney's billing rates. Instead, it asserts that the total amount due "may well exceed $75,000.00 depending on the length of the litigation and the extent

8

of preservation of the vacant property in the interim." ECF No. 11 at 7. But I am unable to make that determination without some evidence of the property preservation expenses and/or reasonable attorney's fees that Fannie Mae might eventually recover. *See Dep't of Recreation*, 942 F.2d at 90.

In summary, the only information in the record that is relevant to the jurisdictional inquiry is Fannie Mae's allegation that Ferland owes $56,308.32 on the note and mortgage. Therefore, Fannie Mae has not met its burden to "alleg[e] with sufficient particularity facts indicating that it is not a legal certainty that [its] claim involves less than" $75,000, *Stewart*, 356 F.3d at 338 (quotation marks omitted), and the Court lacks jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Ferland's Motion to Dismiss (ECF No. 10) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED**.

**SO ORDERED.**

**Dated this 23rd day of July, 2021.**

          /s/ JON D. LEVY
     **CHIEF U.S. DISTRICT JUDGE**